UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVIN WILLHIDE,

        Petitioner,

    v.                               CAUSE NO.: 3:19-CV-282-RLM-MGG

WARDEN,

        Respondent.

### OPINION AND ORDER

Devin Willhide, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 18-8-399) at the Westville Correctional Facility in which a disciplinary hearing officer found him guilty of engaging in security group threat activity in violation of Indiana Department of Correction Offense 208 and sanctioned him with a loss of ninety days earned credit time and a demotion in credit class.

Mr. Willhide argues that he is entitled to habeas relief due to insufficient evidence. He says the evidence against him consisted solely of a letter that he never received from an individual whom he didn't know.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes an incident report in which a correctional officer indicates that she discovered a letter addressed to Mr. Willhide that discussed his newly assumed role as an enforcer for the Vice Lords, a security threat group, and a list of their rules enclosed with that letter. It further includes a copy of the letter and the list of rules. This evidence reasonably suggests that Mr. Willhide engaged in security threat group activity and thus constitutes some evidence. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt isn't a basis for habeas relief.

Because Mr. Willhide hasn't shown that he is entitled to habeas relief, the petition is denied. Mr. Willhide doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court can't find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Devin Willhide leave to proceed in forma pauperis on appeal.

SO ORDERED on April 21, 2020

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT